IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICKY RAY CHASE                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO.4:10CV-131-MPM-DAS

TIMOTHY J. MORRIS, et al.                                                                     DEFENDANT

REPORT AND RECOMMENDATION

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, alleges that he was escorted to a room within the Mississippi State Penitentiary on June 4, 2010, in order to meet with his attorney. Someone let another inmate, Willie Russell, into the room. Chase says Russell undid his restraints and attacked Ray. Ray was hospitalized as a result of injuries sustained in the attack. Originally proceeding *pro se* he filed a complaint naming Timothy J. Morris, the Warden of the Mississippi State Penitentiary, Christopher Epps, Commissioner of the Mississippi Department of Corrections and Emmitt L. Sparkman, Deputy Commissioner, each in their official capacities. He also named the Mississippi Department of Corrections as a defendant. He seeks monetary damages as a result of the injuries sustained.

On December 27, 2012, the individual defendants filed a motion to dismiss based on Eleventh Amendment immunity. On May 15, 2013, the Mississippi Department of Corrections filed its motion to dismiss based on Eleventh Amendment immunity. The plaintiff filed a response to this second motion. No argument has been made in opposition to the motion to dismiss filed by the individuals. This report and recommendation addresses the first motion to dismiss.

The Eleventh Amendment provides that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. The immunity applies to suits by a state's own citizens. *Board of Trustees of the Univ. of Alabama v. Garrett,* 351 U.S. 356, 363 (2011). Furthermore the Eleventh Amendment immunity precludes any action against state officials, sued in their official capacities for either monetary damages or declaratory relief. *Pennhurst State School & Hosp.,* 465 U.S. 89 )(1984), *Waldrop v. Puckett*, 1998 WL 378308, *2 (N.D. April 3, 1998). The state and its officials acting in their official capacities cannot be sued in federal court unless Congress abrogates the immunity, or the State has waived its immunity.

Accordingly, it is recommended that the motion to dismiss by Morris, Epps and Sparkman be granted and the complaint against them dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 16th day of August, 2013.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE