IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICKY RAY CHASE                                                                                      PLAINTIFF

V.                                            CIVIL ACTION NO.4:10CV-131 -MPM-DAS

TIMOTHY J. MORRIS, et al.                                          DEFENDANT

## REPORT AND RECOMMENDATION

Ricky Ray Chase was attacked by another inmate when an unidentified employee of the Mississippi Department of Corrections (MDOC) let the inmate into the room where Chase was waiting to meet with his attorney. Chase sued MDOC and a number of its high ranking officials seeking compensation for his injuries.

Though the defendants' joint answer invoked their Eleventh Amendment immunity, the first motion to dismiss based on that immunity failed to include the agency. Some five months later, MDOC moved separately to dismiss, asserting its Eleventh Amendment immunity.

The plaintiff admits that MDOC, an agency of the State of Mississippi, enjoys Eleventh Amendment immunity. Instead he argues this immunity was waived when the agency was not named in the first motion to dismiss. He cites three cases in support of this argument, but each is clearly distinguishable. In *Louisiana v. Allstate Insurance Co.,* 536 F.3d 418 (5th Cir. 2008), the State of Louisiana, through its attorney general, joined with private parties to file a state-court *parens patriae* action alleging anti-trust violations aimed at devaluing Hurricane Katrina claims. The action was then removed to federal court under the Class Action Fairness Act. The court held that the purpose of the Eleventh Amendment was to save the States from having to defend themselves in federal court. Because Louisiana had joined with private individuals to prosecute

an action, it had waived its Eleventh Amendment immunity. Here by comparison, MDOC is a defendant in this action.

The plaintiff also argues a waiver of immunity under *Meyers v. Texas*, 410 F.3d 236 (5th Cir. 2005). In *Meyers*, the Fifth Circuit Court of Appeals found that the State of Texas had waived its immunity to suit when it removed a case from state court to federal court, citing *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002), in support of the ruling. The court held Texas could not both invoke the jurisdiction of the federal court and its Eleventh Amendment immunity from suit in a federal forum.[1] In this case, MDOC has done nothing to voluntarily invoke the jurisdiction of this court. The plaintiff initially filed suit in this court.

The plaintiff also cites to the case of *Atascadero State Hospital v. Scanlon*, 473 U.S. 3142 (1985),[2] in support of his argument of a waiver of immunity. Congress may abrogate the states' sovereign immunity under § 5 of the Fourteenth Amendment without their consent. However, the plaintiff is proceeding under 42 U.S.C. §1983 which does not abrogate the state's immunity. In fact, the language of the statute seeks to impose liability on "persons," acting under color of state law, but not upon "states" themselves. The United States Supreme Court has previously held that a state is not a "person" for the purposes of a § 1983 action. *Will v. Michigan Dept. State Police*, 491 U.S. 58, 66 (1985). *Atascadero* also recognized that a state may waive its sovereign immunity to suit and/or its immunity to liability. Mississippi has

---

[1] *Meyers* also held that while Texas had waived its immunity to suit by removing the case, it had not necessarily waived its immunity from liability. *Id.* at 253.

[2] Superceded on other grounds by statute by the Rehabilitation Act Amendments 1986, Pub.Law No. 98-506, 100 Stat 1807)

partially waived its sovereign immunity, but as *Atascdero* also recognizes, the state controls the scope of any waiver of sovereign immunity. The Mississippi Torts Claim Act includes a long list of claims to which sovereign immunity still applies. Exempted from Mississippi's waiver of its immunity are claims by "any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary...." § 11-46-9 Miss. Code Ann. Thus, this claim by Chase, an inmate, at the time of the attack, is barred by Mississippi's sovereign immunity.

While no explanation has been offered for the omission of MDOC from the first motion, or the delay in filing the second motion, the cases cited by the plaintiff do not support construing either the omission or the delay as a waiver of immunity. Therefore the undersigned recommends that MDOC's motion be granted and the complaint against it dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 27th day of August, 2013.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE